## THE STATE OF KANSAS v. B. R. CHAPMAN.

1. PENAL STATUTES—*Strict Construction*.    Penal statutes are to be strictly construed.

2. CITY PRISON, *Breaking and Escaping from*.    A person lawfully confined in a city prison for the violation of a city ordinance, under a judgment rendered by a police judge, cannot be convicted for breaking such prison and escaping therefrom, under the provisions of §179 or §182 of the act regulating crimes and punishments.

### *Appeal from Cloud District Court.*

INFORMATION against *Chapman*, for breaking and escaping from the prison of the city of Jamestown, Cloud county.    At the April Term, 1884, the court quashed the information and discharged the defendant.    *The State* appeals.    The opinion states the facts.

*John W. Sheafor*, county attorney, for The State.
*D. L. Brown*, and *S. D. Huston*, for appellee.

The opinion of the court was delivered by

HORTON, C. J.: An information was filed against the defendant, charging that he had been convicted, before the police judge of the city of Jamestown, in Cloud county, of an offense against the ordinances of said city ; that he had been sentenced to pay a fine and the costs of the prosecution ; that he had been

committed to the city prison of Jamestown until the fine and costs were paid; that thereafter, while being legally confined in said city prison, he unlawfully and feloniously broke the prison and escaped therefrom. On motion of the defendant, the court quashed the information, upon the ground that it does not state facts sufficient to constitute an offense, and thereupon discharged the defendant. This ruling is complained of.

The statute provides:

"If the defendant plead or be found guilty, the police judge shall declare and assess the punishment, and render judgment accordingly. It shall be part of the judgment that the defendant stand committed to the city prison, or the jail of the county in which the judgment is rendered, until the judgment is complied with; and the police judge shall forthwith issue a mittimus requiring the defendant to be committed to the city prison, or the jail of the county in which the judgment was rendered, at his discretion." (Comp. Laws of 1879, ch. 19a, § 83.)

The defendant was, therefore, at the time of his escape, lawfully confined in the city prison, and the only question is, whether he violated any section of the act regulating crimes and punishments, in breaking the prison and escaping therefrom. Counsel on the part of the state say "that the information charged an offense within the letter and spirit of the statute, as stated in §§ 167 to 187, ch. 31, Comp. Laws of 1881." He does not name the particular section under which the information was drawn. An examination of all the sections referred to does not justify the conclusion. The only sections which we need comment on are 179 and 182.

Section 179 reads:

"If any person, confined in a place of confinement for any term less than for life, or in lawful custody, going to the place of confinement, shall break such prison or custody and escape therefrom, he shall, upon conviction, be punished by confinement and hard labor for a term not exceeding five years, to commence at the expiration of the original term of imprisonment."

And § 182 reads:

"If any person, confined in any county jail, upon convic-

tion for any criminal offense, or held in custody, going to such jail, shall break such prison or custody and escape therefrom, he shall, upon conviction, be punished by confinement and hard labor not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment."

Said § 179 cannot apply, because the defendant was not sentenced to the city prison for any regular or specified term, nor did he escape while going to the said prison. Moreover, it is evident from the language of this section and the other sections of the statute, that it was not in the mind of the legislature to punish anyone under said section for escaping from prison or custody, where such person was committed to jail merely for the non-payment of a fine. This is evident, as said section concludes as follows: "He shall, upon conviction, be punished by confinement and hard labor for a term not exceeding five years, *to commence at the expiration of the original term of imprisonment.*"

Section 182 has reference to persons confined in a county jail, or held in custody going to such jail. As a rule, penal statutes must be strictly construed, and they cannot be extended beyond the grammatical and natural meaning of their terms, upon the plea of failure of justice. (*Remington v. State,* 1 Oregon, 281; *State v. Lovell,* 23 Iowa, 304; *Gibson v. State,* 38 Ga. 571.)

We are not at liberty to interpolate into the statute "city prison," nor can we judicially determine that a "city prison" is a "county jail." It is therefore our opinion that the matters charged in the information do not constitute any offense within the statute. The omission is one for which the legislature is responsible. It is probably a *casus omissus,* which the legislature may, but the court cannot, supply.

The order and judgment of the district court must be affirmed.

VALENTINE, J., concurring.

JOHNSTON, J., not sitting in the case.