THE STATE OF KANSAS v. JOHN SUTTON.

FELONY—*Receiving Goods Stolen from a Railroad Depot, etc.* Under § 3, chapter 121, Laws of 1871 (¶ 2212, Gen. Stat. of 1889), and § 92 of the act relating to crimes and punishments (¶ 2226, Gen. Stat. of 1889), a person who unlawfully and feloniously receives any goods or property stolen, taken and carried away from a railroad depot, station house, passenger coach, express or freight car, knowing the same to have been so feloniously stolen from such a place, is guilty of a felony, without regard to the value of the goods or property so stolen.

*Appeal from Reno District Court.*

INFORMATION charging that, on the 22d day of May, 1893, in the county of Reno and state of Kansas, one John Sutton, then and there, unlawfully and knowingly, did receive 500 feet of dressed and matched pine lumber, of the value of $10, of the personal property of the Atchison, Topeka & Santa Fé Railroad Company, a corporation duly organized under the laws of the state of Kansas, then lately before stolen, taken and carried away in and from a freight car, and standing upon the tracks of the said railroad company in the city of Hutchson, in said county, and in its custody and charge, with the felonious intent of him, the said John Sutton, to defraud the said railroad company, he, the said John Sutton, then and there well knowing said personal property to have been stolen as aforesaid, contrary to the form of statute, etc.

On the 9th day of January, 1894, in the district court of

Reno county, the defendant appeared in person and by his attorneys and filed his plea of former jeopardy. Thereupon the state filed a demurrer to this plea, on the ground that it does not state facts sufficient to constitute a defense to the information filed by the plaintiff. This demurrer was argued befort the court, and the court overruled the same, to which ruling the state excepted, and reserved the question as to whether or not the court did right in overruling the demurrer for decision in the supreme court, which reservation was duly allowed. The state then filed an answer to said plea in bar, denying each and all the allegations therein contained. Thereupon the defense, to support the allegations of its plea in bar, offered in evidence a certified transcript of the docket of R. J. Cannell, justice of the peace, in the cause entitled, The State of Kansas v. John Sutton. To the introduction of this transcript in evidence the state objected, on the ground of incompetency, immateriality, and because the plea in bar was insufficient as such, which objection was by the court overruled, and the state excepted, and reserved the question whether or not the decision of the court in overruling the objection was right for review in the supreme court. The transcript, over the objections and exceptions of the state, was introduced in evidence. The defense then introduced the warrant for arrest issued by the said justice of the peace. To the introduction of this warrant the state objected, which objection was by the court overruled. To this ruling of the court the state excepted, and reserved the question of the correctness of the ruling of the court for review in the supreme court, which reservation was allowed. The defendant then rested. The state then introdnced as a witness said justice of the peace, R. J. Cannell, and the following proceedings were had with regard to his testimony: Various questions were submitted to this witness called on behalf of the state, to many of which counsel for the defendant objected as incompetent, irrelevant, and not the best evidence. The court sustained the objection, to which ruling the state excepted, and reserved the question for the supreme court. The state,

having introduced all its evidence, rested its case. Thereupon the court sustained the plea in bar, and discharged the defendant; to which discharge the state excepted, and appeals.

*John T. Little,* attorney general, and *James McKinstry,* county attorney, for appellant.

The opinion of the court was delivered by

HORTON, C. J.: The question for our determination in this case is, whether a person who knowingly, unlawfully and feloniously receives any goods or other personal property of the value of $10 only, feloniously stolen, taken and carried away from a railroad depot, station house, passsenger coach, express or freight car, is guilty of a misdemeanor or of a felony. Under § 80 of the act relating to crimes and punishments, every person who steals, takes and carries away any goods or personal property of another under the value of $20 (not being subject to grand larceny without regard to value) is guilty of petty larceny. Under the provisions of § 3, chapter 121, Laws of 1871, if any larceny is committed in any railroad depot, station house, passenger coach, express or freight car, the offender is guilty of a felony. A similar provision exists in the statute if the larceny is committed in a dwelling house, or in a boat or vessel. (Gen. Stat. of 1889, ¶¶ 2210, 2212, 2213.) Section 92 of the act relating to crimes and punishments provides:

"Every person who shall buy or in any way receive any goods, money, rights in action, personal property, or any valuable security or effects whatsoever that shall have been embezzled, taken or secreted contrary to the provisions of the last four sections, or that shall have been stolen from another knowing the same to have been so embezzled, taken or secreted or stolen, shall, upon conviction, be punished in the same manner, and to the same extent as for the stealing the money, property or other thing so bought or received." (Gen. Stat. of 1889, ¶ 2226.)

This section, although enacted in 1868, prescribes a rule of

action for the future. It is general and prospective in its operation, and its language is such as to make it apply to the receiving of stolen goods or property, the stealing of which is then or thereafter defined by statute. (*Prouty v. Stover*, 11 Kas. 235; *In re Lloyd*, 51 id. 501.) Therefore, we think that § 92 applies to all cases where goods or other personal property is received, knowing that they have been feloniously taken or stolen, and that the person so receiving is to be punished in the same manner and to the same extent as the thief for the stealing of the goods or property. Every person who steals, takes and carries away goods or property from a railroad depot, station house, passenger coach, express or freight car is guilty of a felony, and we think the person who receives such goods or property so stolen from a railroad depot, station house, etc., knowing the same to have been unlawfully and feloniously stolen from such a place, is liable to be punished the same as the thief; that is, for a felony. The defendant was improperly discharged by the district court upon the ground that the justice of the peace should have tried and disposed of the charge against him as a misdemeanor only, and not have required him to appear for trial at the district court for a felony.

The order of the district court will be reversed, and the cause remanded for further proceedings.

JOHNSTON, J., concurring.

ALLEN, J.: "Penal statutes are to be strictly construed." (*The State v. Chapman*, 33 Kas. 134.) The rule announced in the case above cited is one universally recognized by the courts in favor of the life and liberty of the citizen. The words used in § 92 of the crimes act do not necessarily require the construction placed on them in this case. It is quite as natural to read the section as rendering persons who shall buy or receive goods that shall have been embezzled, taken, or secreted, contrary to the provisions of the four preceding sections, or that shall have been stolen knowing the same to have been so embezzled, or knowing the same to have been

stolen, shall be punished in the same manner as for stealing the money or thing so bought or received, as it is to read it, that he shall be punished in the same manner and to the same extent as the thief. The legislature, at the time this section was passed, had enacted that grand larceny should consist in the stealing of personal property of the value of $20 or more, or any horse or other animal named, without reference to value; and also, that if any larceny should be committed in a dwelling house, or in any boat or vessel, or by stealing from a person in the nighttime, the offender might be punished as for grand larceny. Paragraph 2212 of the General Statutes of 1889, making it grand larceny to steal goods of any value from a depot, station house, telegraph office, passenger coach, baggage, express or freight car, or any caboose on any railway in this state, was not passed until 1871. The legislature then clearly did not have this class of larcenies in contemplation when § 92 was enacted. The section of the statute prescribing a severe punishment where the larceny is committed in a dwelling house, from a person or from a car seems to be framed with a view to punish for the unlawful intrusion in the place where the offense is committed, and for the trespass to the person and property rights of the party against whom the larceny is committed.

It is difficult to perceive why the receiver of goods so stolen is guilty of any greater offense than the receiver of any other stolen goods; and, unless the legislature has clearly declared such to be the law, I think the court should not interpolate it by construction. To my mind, the most natural reading and interpretation is, that the receiver of stolen goods shall be punished as for an ordinary larceny of them, without any reference to the special circumstances of the larceny, or the place where it is committed.