THE STATE OF KANSAS v. BOB FLETCHER.

No. 14,777. (87 Pac. 729.)

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Information Charging Gift to Minor—Proof of a Sale—Variance.* In view of the other provisions of the prohibitory law the section thereof which forbids the giving of intoxicating liquor to minors must be construed to have reference only to gifts properly so called, and not to sales, and therefore a conviction upon an information drawn under that section cannot be sustained by proof that the defendant sold intoxicating liquor to a minor.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed November 10, 1906. Reversed.

*C. C. Coleman,* attorney-general, and *Burton E. Clifford,* county attorney, for The State.

*Ewing, Gard & Gard,* for appellant.

The opinion of the court was delivered by

MASON, J.: Bob Fletcher was convicted upon a charge of having illegally given intoxicating liquor to a minor, and appeals. At the trial it was developed that the transaction complained of was a sale, and the question is therefore presented whether under such a

charge a conviction can be had upon proof that the defendant sold liquor to a minor.   The statute reads:

"The treating or giving of any intoxicating liquors to any minor by any person other than the father, mother, or guardian of such minor, or a physician for medical purposes, shall be unlawful; and any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished therefor as provided in the last preceding section of this act for unlawfully selling intoxicating liquors."   (Gen. Stat. 1901, § 2481.)

The state relies largely upon the authority of *Commonwealth v. Davis,* 75 Ky. 240.   That was a prosecution under a statute making it an offense to "sell, lend or give" intoxicating liquor to a minor.   The evidence showed that the defendant, with money a part of which had been supplied by a minor for the purpose, bought whisky, some of which he later gave to the minor, who drank it.   The trial court took the view that there was no gift because the liquor was the joint property of the defendant and the minor, and therefore discharged the jury and dismissed the indictment.   On appeal the reviewing court reversed the judgment, holding that to carry out the purpose of the law the word "give" should be construed to mean "furnish" or "supply."   Upon substantially the same statute and facts a contrary conclusion was reached in *Young v. The State,* 58 Ala. 358. In Kentucky, as mentioned in the opinion referred to, the rule that penal statutes are to be strictly construed has been abrogated, whereas in this state it is still in force.   (*The State v. Chapman,* 33 Kan. 134, 5 Pac. 768; *The State v. Sutton,* 53 Kan. 318, 36 Pac. 716.)   These considerations impair the authority of the Kentucky decision; but even if it is given full force it does not necessarily control the present case.   The question here is whether the word "giving," as used in the statute quoted, was intended to include the furnishing of liquor for compensation.   In *Parkinson v. The State,* 14 Md. 184, 74 Am. Dec. 522, it was held (the chief justice

dissenting) that a title referring in terms only to the sale of liquor to certain classes was broad enough to cover a prohibition against its being given to them. It was distinctly shown in the opinion, however, that the words "give" and "sell" were not regarded as covering the same ground, the writer saying:

"In 'their ordinary and familiar signification,' 'in their accepted and known sense,' the words, 'sell' and 'give' have not the same meaning, but are commonly used to express different modes of transferring the right to property from one person to another; a sale meaning a transfer for a valuable consideration, a gift signifying a gratuitous transfer without any equivalent." (Page 197.)

This language is quoted with approval in *Holley v. The State*, 14 Tex. App. 505, the court adding: "No subtlety of reasoning or ingenuity of argument can, in common acceptation, make the two words mean the same thing." (Page 513.)

In *Humpeler v. The People*, 92 Ill. 400, a conviction under a statute making it an offense to "sell or give" liquor to a minor or to a person in the habit of getting intoxicated was set aside for reasons thus stated:

"While there is abundance of proof to sustain the finding as to the sale of intoxicating liquor, there is no proof whatever in the record that the defendant gave intoxicating liquor, as charged in the third and sixth counts of the indictment. The verdict and judgment, therefore, as to these counts, were erroneous. It was a violation of the statute to either sell or give intoxicating liquor to a person in the habit of getting intoxicated, but an indictment for selling would not be sustained by proof that liquor had been given to a person in the habit of getting intoxicated, nor would an indictment for giving liquor be sustained by proof of a sale. A sale and a gift, under the statute, are distinct and separate offenses, and the proof of one will not sustain a charge for the other." (Page 401.)

Granting that a statutory prohibition against the giving of liquor to minors might under some circumstances be construed to include a sale, or even that

The State v. Fletcher.

standing alone it should be given that construction, its meaning in the present case must be determined by the context. The section already quoted in full was passed as a portion of an act a large part of which was devoted to defining what sales of liquor were legal and what illegal. If it had been the purpose of the legislature that the section in question should apply to sales made to minors it is reasonable to suppose that the word "selling" would have been coupled with "giving." The section immediately preceding this provides that whenever a relative of any person shall notify a druggist that such person uses intoxicating liquors as a beverage, "and shall forbid said druggist from selling, bartering, or giving to such person any intoxicating liquors, it shall be unlawful for any such druggist, after such notice, *to let such person have any intoxicating liquors upon any terms or conditions whatever.*" (Gen. Stat. 1901, § 2480.) The occurrence of such explicit language so near to it suggests the unlikelihood that the one word "giving" was intended to have the same sweeping effect as the entire phrase italicized. The use of the word "treating" in the same connection also indicates that the mind of the draftsman of the bill was directed toward the idea expressed by "giving" in its usual and specific sense.

These considerations convince us that the legislature purposely omitted to include sales to minors among the acts denounced by this section. The reason for such course was obvious. It was not that selling liquors to immature persons was regarded as less pernicious than giving it to them outright, but because it was conceived that the whole subject of illegal sales had been covered by other provisions of the law. True, these other provisions as they then existed (when section 2481 was enacted—in 1885) contained no prohibition against the sale of liquor to minors, but such a prohibition was added to one of them by amendment in 1887 (Gen. Stat. 1901, § 2489), an addition which points to a legislative

interpretation that the enactment of 1885 did not cover such sales.

It follows from the view stated that the judgment must be reversed.

All the Justices concurring.