THE STATE OF FLORIDA, *ex rel.* EDGAR C. FRADY, *Plaintiff in Error,* v. LOUIS A. ALLEN, SHERIFF OF DADE COUNTY, FLORIDA, *Defendant in Error.*

Opinion Filed May 19, 1922.

In *habeas corpus* proceedings for bail in a capital case before a Circuit Judge, a supersedeas will not be granted pending the detetrmination of a writ of error taken from the judgment of the Circuit Judge denying bail.

An Application for a *supersedas* order.

Order denied.

*Shutts & Bowen, John S. Benz* and *Bart A. Riley,* for Petitioner.

BROWNE, C. J.—This is an application by Edgar C. Frady for a *supersedeas* to an order of the Circuit Judge

remanding him to the custody of the Sheriff of Dade County without bail, after a hearing on *habeas corpus* proceedings instituted for the purpose of determining whether the petitioner who is held under an indictment charging him with murder in the first degree, is entitled to bail under the constitution, because the proof of his guilt is not evident nor the presumption great. After hearing all the testimony introduced by the petitioner, the court refused to admit him to bail, and writ of error was taken to this court to review his action.

The case of State *ex rel.* Gallat v. Allen, 82 Fla. 149, 89 South. Rep. 398, is invoked as authority for granting this application. It needs only a mere casual consideration of that case to see that its doctrine is not applicable to the present situation.

In that case the petitioner was being held for violation of a statute, that he claimed was unconstitutional and void. The offense with which he was charged, if the act was constitutional, was bailable under Section 9, Declaration of Rights, Constitution of Florida.

In the application now under consideration the question before the Circuit Judge was the prisoner's right to bail under the section of the Constitution cited *supra.*

This issue was resolved against the petitioner by the Circuit Judge.

To grant the application, pending the hearing on the writ of error, would be to determine the question raised by the writ of error, before its submission, consideration and determination by this court.

Pending the determination of the matter presented by the writ of error taken from the order of the Circuit Judge, the prisoner is in the custody of the court that

found he was not entitled to bail, and remanded him to the custody of the sheriff, who, as an officer of the court, holds him under the writ of *habeas corpus* until the determination by this court of the writ of error.

The order of the Circuit Judge remanding the prisoner, is a decision on the question of whether the testimony adduced before him showed that the defendant was entitled to bail. The Circuit Judge held that it did not; in effect holding that the "proof is evident, or the presumption great."

This finding of the Circuit Judge and his order thereon, remain in force pending the determination of the writ of error.

The doctrine of the Gallat case *supra* is that in a bailable case a *supersedeas* will be granted pending the determination of a writ of error by this court.

In the instant case the writ of error is taken from the order of the Circuit Judge remanding the prisoner to the custody of the sheriff upon *habeas corpus* proceedings, in which the only issue was the right of the petitioner to be released on bail.

To grant an application for *supersedeas* in this case would have the effect of reversing the order of the Circuit Judge in advance of hearing the writ of error that has been taken to this court.

No such result follows in granting a *supersedeas*, in a case where the offense with which the petitioner is charged is bailable as of right under the constitution.

The application for a *supersedeas* order is denied.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.