### BLACK v. MILLER et al.
### No. 6850.

Circuit Court of Appeals, Ninth Circuit.

June 24, 1932.

Charles H. Miller, of Seattle, Wash., for appellant.

R. L. Bartling, Deputy Pros. Atty., and H. Sylvester Garvin, both of Seattle, Wash., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and NORCROSS, District Judge.

SAWTELLE, Circuit Judge.

On May 17, 1932, appellant, George Black, hereinafter referred to as petitioner, filed his petition for a writ of habeas corpus in the United States District Court for the Western District of Washington, Northern Division. He alleged that he was unlawfully restrained of his liberty by the sheriff of King county, Wash., and by one William Miller, Extradition Agent for the Governor of Indiana, contrary to the Constitution and laws of the United States. An order to show cause was issued and respondents made their return thereto.

From the return of the sheriff it appears that he held petitioner in his custody by virtue of a fugitive warrant, and an order issued by a justice of the peace of said King county.

The record discloses that at the hearing in the District Court on May 18, petitioner waived any technicality as to the service of a warrant for the arrest of petitioner issued by the Governor of Washington, dated May 12, 1932, and the said warrant was then and there duly served upon petitioner. Thereupon the respondent Miller filed his return to the order to show cause, from which it appears that he was a sergeant in the police department of Indianapolis, Ind., and as such officer was appointed and delegated by the Governor of Indiana to proceed to the state of Washington with a request for the return of petitioner, who had theretofore been indicted by the grand jury of Marion county, Ind., charged with grand larceny in said county and state; that a warrant was issued on said indictment and the sheriff to whom it was directed made a return thereon that he was unable to find said petitioner in said Marion county, Ind.; that after the return of the indictment petitioner was apprehended in the state of Washington as a fugitive from the justice of the state of Indiana; that respondent was delegated by the Governor of Indiana as agent to receive and convey the petitioner to that state for trial upon said indictment; that the Governor of Indiana duly made requisition upon the Governor of the state of Washington for the return of the petitioner as a fugitive from justice, which requisition was accompanied by a copy of the indictment duly certified as authentic by the Governor of Indiana; and that in compliance with said demand and requisition the Governor of Washington, on May 12, 1932, issued his warrant pursuant to law authorizing respondent to take and transport petitioner from Washington.

A copy of the latter warrant was made a part of the return and is as follows:

"Whereas, It has been represented to me by His Excellency Harry G. Leslie Governor of the State of Indiana that George Black stands charged in said State with the crime of Grand Larceny committed in the County of Marion in said State and is a fugitive from the justice of said State and has taken refuge in the State of Washington;

"And whereas, the said Governor of the State of Indiana has pursuant to the constitution and laws of the United States demanded of me that I cause the said George Black to be arrested and delivered to William Miller agent authorized to receive him into his custody and convey him back to said State of Indiana;

"And whereas, said representation and demand are accompanied by affidavits, complaint, information, indictment and warrant whereby the said George Black is charged with the said crime and being a fugitive from the justice of said State and having taken refuge in the State of Washington, which are certified by said Governor of Indiana to be duly authenticated.

"Now therefore, I Roland H. Hartley Governor of the State of Washington, do hereby authorize and empower William Miller the agent named in said demand to take the said George Black wherever he may be found in this State, and transfer him to the line thereof at the expense of Indiana and I hereby command all civil officers within the said State of Washington to afford all needful assistance for the execution of this warrant.

"In testimony whereof I have hereunto set my hand and caused the Seal of said State to be affixed at Olympia, this Twelfth day of May A. D. 1932. * * *".

On May 18 respondent Miller was served with a subpoena duces tecum issued May 17, which commanded him to produce at the hearing in the District Court: (1) A copy of the indictment against petitioner; (2) a copy of the warrant of arrest and a copy of the sheriff's return for same; (3) the requisition of the Governor of Indiana upon the Governor of Washington for petitioner, an alleged fugitive from justice; (4) authentication of the requisition; (5) the extradition warrant issued by the Governor of Washington.

The documents called for were not produced for the obvious reason, as shown at the hearing, that the same were not in the possession of the respondent, having been left by him with the Governor of the State of Washington. The District Court denied the writ and therefrom comes this appeal.

■ If the petitioner desired the court to pass upon the sufficiency of the indictment, it was his duty to produce the latter or a copy thereof. As no application was made for a postponement of the trial until petitioner could produce the indictment or a copy thereof we must assume that it is regular in form and sufficiently charges the defendant therein named with the crime of grand larceny.

The question before us is whether or not the petitioner is restrained of his liberty in violation of the Constitution and laws of the United States. This question necessarily involves whether petitioner is a fugitive from the justice of the state of Indiana whether a valid indictment was returned against him, and whether petitioner is the person mentioned in the indictment.

■ In cases of this character it is well settled that the Governor upon whom demand is made for a warrant of extradition must, in the first instance at least, determine for himself whether the party charged is in fact a fugitive from justice. "A warrant of extradition of the governor of a state, issued upon the requisition of the governor of another state, accompanied by a copy of an indictment, is prima facie evidence, at least, that the accused had been indicted, and was a fugitive from justice. * * *" Whitten v. Tomlinson, 160 U. S. 231, 245, 16 S. Ct. 297, 303, 40 L. Ed. 406. See, also, Ex parte Reggel, 114 U. S. 642, 5 S. Ct. 1148, 29 L. Ed. 250.

It has been held that the Governor upon whom the demand is made may act upon the duly certified and authenticated record submitted to him and that he need not call for or consider oral testimony in determining that question. See Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544.

In the case of Ex parte Graham (D. C.) 216 F. 813, 816, Judge Ross, speaking for the court, said: "To overcome the prima facie case made by the Governor's warrant under which the present petitioner is held, the latter must therefore show by clear and satisfactory proof that he is not a fugitive from justice."

In the same case the court, citing McNichols v. Pease, 207 U. S. 100, 108, 109, 28 S. Ct. 58, 52 L. Ed. 121, quoted the following as showing the principles that the Su-

preme Court had deduced from its previous decisions:

"1. A person charged with crime against the laws of a state and who flees from justice, that is, after committing the crime, leaves the state, in whatever way or for whatever reason, and is found in another state, may, under the authority of the Constitution and laws of the United States, be brought back to the state in which he stands charged with the crime, to be there dealt with according to law.

"2. When the executive authority of the state whose laws have been thus violated makes such a demand upon the executive of the state in which the alleged fugitive is found as is indicated by the above section (5278) of the Revised Statutes [18 USCA § 662], producing at the time of such demand a copy of the indictment, or an affidavit certified as authentic and made before a magistrate charging the person demanded with a crime against the laws of the demanding state, it becomes, under the Constitution and laws of the United States, the duty of the executive of the state where the fugitive is found to cause him to be arrested, surrendered, and delivered to the appointed agent of the demanding state, to be taken to that state.

"3. Nevertheless, the executive, upon whom such demand is made, not being authorized by the Constitution and laws of the United States to cause the arrest of one charged with crime in another state, unless he is a fugitive from justice, may decline to issue an extradition warrant, unless it is made to appear to him, by competent proof, that the accused is substantially charged with crime against the laws of the demanding state, and is, in fact, a fugitive from the justice of that state.

"4. Whether the alleged criminal is or is not such fugitive from justice may, so far as the Constitution and laws of the United States are concerned, be determined by the executive upon whom the demand is made in such way as he deems satisfactory, and he is not obliged to demand proof apart from proper requisition papers from the demanding state, that the accused is a fugitive from justice.

"5. If it be determined that the alleged criminal is a fugitive from justice—whether such determination be based upon the requisition and accompanying papers in proper form, or after an original, independent inquiry into the facts—and if a warrant of arrest is issued after such determination, the warrant will be regarded as making a prima facie case in favor of the demanding state and as requiring the removal of the alleged criminal to the state in which he stands charged with crime, unless in some appropriate proceeding it is made to appear that he is not a fugitive from the justice of the demanding state.

"6. A proceeding by habeas corpus in a court of competent jurisdiction is appropriate for determining whether the accused is subject, in virtue of the warrant of arrest to be taken as a fugitive from the justice of the state in which he is found to the state whose laws he is charged with violating.

"7. One arrested and held as a fugitive from justice is entitled, of right, upon habeas corpus, to question the lawfulness of his arrest and imprisonment, showing by competent evidence, as a ground for his release, that he was not, within the meaning of the Constitution and laws of the United States, a fugitive from the justice of the demanding state, and thereby overcoming the presumption to the contrary arising from the face of an extradition warrant.

"And the Supreme Court closed its opinion in the case just cited as follows:

" 'When a person is held in custody as a fugitive from justice under an extradition warrant in proper form, and showing upon its face all that is required by law to be shown as a prerequisite to its being issued, he should not be discharged from custody unless it is made clearly and satisfactorily to appear that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States. We may repeat the thought expressed in Appleyard's Case, above cited, that a faithful, vigorous enforcement of the constitutional and statutory provisions relating to fugitives from justice is vital to the harmony and welfare of the states, and that "while a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state." ' "

In the case of Hogan v. O'Neill, 255 U. S. 52, 56, 41 S. Ct. 222, 223, 65 L. Ed. 497, the Supreme Court, in considering an appeal from a similar order of the District Court discharging a writ of habeas corpus, said: "Whether in fact he was a fugitive from justice was for the determination of the Gover-

nor of New Jersey. The warrant of arrest issued in compliance with the demand of the Governor of Massachusetts shows that he found appellant to be a fugitive; and this conclusion must stand unless clearly overthrown which appellant has not succeeded in doing. To be regarded as a fugitive from justice it is not necessary that one shall have left the state in which the crime is alleged to have been committed for the very purpose of avoiding prosecution, but simply that, having committed there an act which by the law of the state constitutes a crime, he afterwards has departed from its jurisdiction and when sought to be prosecuted is found within the territory of another state. [Cases cited.]"

■ The record here shows that the accused is in custody under an extradition warrant issued by the Governor of Washington, a warrant which appears upon its face to be warranted by the Constitution and laws of the United States. After a careful consideration of all the evidence we do not find that the petitioner herein has overcome the prima facie case thus made by the warrant.

Not only was it shown at the trial that the petitioner resides in Indianapolis, but also that he was there at the time the offense is alleged to have been committed. It was further shown that the grand jury examined witnesses concerning the charge against him, and returned an indictment in due form charging petitioner with the commission of the offense of grand larceny, and that a copy of the indictment duly certified and authenticated was presented to the Governor of Washington before the latter's warrant was issued for the arrest of the petitioner.

There was evidence introduced on the part of the petitioner tending to show that he entered into negotiations with one Doris G. Smalley at Indianapolis, a short time prior to the time the indictment was returned by the grand jury, for the loan of approximately $10,000, and that he gave certain collateral as security therefor; and that as this was the only transaction with her, the same being a lawful transaction, he, therefore, could not be the "George Black" mentioned in the indictment. In other words petitioner contended that such evidence tends to show that there was no valid basis for a criminal charge such as is contained in the indictment.

■ That evidence, if admissible at all, would have a tendency to show only that there was no valid basis for a criminal charge. Under the decisions the court was without authority to go into that question.

"This much, however, the decisions of this court make clear: That the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding state at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding state." Biddinger v. Commissioner of Police, 245 U. S. 128, 135, 38 S. Ct. 41, 43, 62 L. Ed. 193.

See, also, Rodman v. Pothier, 264 U. S. 399, 44 S. Ct. 360, 68 L. Ed. 759; Collins et al. v. Traeger (C. C. A. 9) 27 F.(2d) 842; Bruce v. Rayner (C. C. A. 4) 124 F. 481.

■ The constitutional and statutory provisions referred to were based upon the theory that, as between the states, the proper place for determining the question of guilt or innocence of an alleged fugitive from justice, is in the courts of the state where the offense is alleged to have been committed. It is the province of the courts of the state of Indiana to declare what its laws are, and to determine whether particular acts on the part of the alleged offender constitute a crime under such laws. Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. Ed. 161.

In the latter case the court said: "A person charged by indictment or by affidavit before a magistrate with the commission within a state of a crime covered by its laws, and who, after the date of the commission of such crime, leaves the state,—no matter for what purpose or with what motive, nor under what belief,—becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice, and if found in another state must be delivered up by the governor of such state to the state whose laws are alleged to have been violated, on the production of such indictment or affidavit, certified as authentic by the governor of the state from which the accused departed. Such is the command of the supreme law of the land, which may not be disregarded by any state. The constitutional provision relating to fugitives from justice, as the history of its adoption will show, is in the nature of a treaty stipulation entered into for the purpose of securing a prompt and efficient administration of the criminal laws of the several states,—an object

of the first concern to the people of the entire country, and which each state is bound, in fidelity to the Constitution, to recognize. A faithful, vigorous enforcement of that stipulation is vital to the harmony and welfare of the states. And while a state should take care, within the limits of the law, that the rights of its people are protected against illegal action, the judicial authorities of the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state." Id., pages 227, 228, of 203 U. S., 27 S. Ct. 122, 123.

After a careful examination of the record before us, we are of the opinion that the to the time that petitioner was arrested by the spondent sheriff of King county, Wash., up to the time that petitioner was arrested by the respondent Miller under the warrant issued by the Governor of Washington; that petitioner was thereafter lawfully detained by said Miller by virtue of said warrant; that petitioner was substantially charged with a crime against the laws of the state of Indiana, from whose jurisdiction he is alleged to have fled, by an indictment certified as authentic by the Governor of Indiana; that the person demanded is a fugitive from the justice of the state of Indiana which made the demand; and that there was no error on the part of the District Court in discharging the order to show cause and denying the petition for a writ of habeas corpus.

Order affirmed.