Rockingham, }
Oct. 7, 1952. } No. 4135.

PAULA MARIA PEARSON

*v.*

HOWARD W. CAMPBELL, *Chief of Police.*

HOWARD L. PEARSON

*v.*

SAME.

*Samuel A. Margolis* (by brief and orally), for the plaintiffs.

*Gordon M. Tiffany,* Attorney General, *Maurice M. Blodgett,* Deputy Attorney General, and *Thomas J. Morris,* County Solicitor (*Mr. Blodgett* orally), for the defendant.

LAMPRON, J. The issue to be decided is whether the plaintiffs are

fugitives from justice. Under our decisions a person is considered such upon a showing that he was present in the demanding state at the time of the commission of the alleged crime and that when he was sought to be subjected to its criminal process to answer for his offense he had left its jurisdiction and was found within the territory of another state. *State* v. *Clough*, 71 N. H. 594, 600; *Bracco* v. *Wooster*, 91 N. H. 413, 415; *Hinz* v. *Perkins*, 97 N. H. 114, 116.

Plaintiffs admit "that the decided weight of authority is to the effect that the mission, motive, or purpose inducing a person accused of being a fugitive from justice to leave the demanding state is immaterial." 22 Am. Jur. 262; *People* v. *Stilwell*, 244 N. Y. 196; *People* v. *Becker*, 382 Ill. 404; *Brewer* v. *Goff*, 138 F. (2d) 710. However they urge us to examine the manner and reason for their departure from Virginia to New Hampshire. They argue that, because the alleged crime with which they are charged was committed on January 12, 1952, and complaint therefor made on January 15 and on the same day the sergeant received orders to report to Manchester and came there on the 18th in response to those orders neither he nor his wife who accompanied him, can be considered as a person "who has fled from justice." R. L., c. 437, s. 2.

We are of the opinion that if an inquiry were permitted into the mission, motive or purpose inducing the departure from the demanding state of an alleged fugitive from justice extradition would be a burdensome and inefficient process, since the State would be powerless in a great many cases to show a conscious flight from justice. See *Appleyard* v. *Massachusetts*, 203 U. S. 222, 227. The plaintiffs were in Virginia when the alleged crime was committed. They are now in our state. This is sufficient evidence to support a finding that they are fugitives from justice. *Bracco* v. *Wooster, supra.* The important thing is not their purpose in leaving, but the fact that they have left. *State* v. *Wall*, 187 Minn. 246, 249.

*Exceptions overruled.*

All concurred.