**In re Clyde W. RALPH, Petitioner,**

v.

**Bob TURNER, Respondent.**

**No. A–13070.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1961.

Rehearing Denied Oct. 4, 1961.

Valdhe F. Pitman, Oklahoma City, for petitioner.

James Harrod, County Atty., Oklahoma County and John M. Amick, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

BUSSEY, Judge.

This is an original habeas corpus proceeding in which petitioner, who is presently free on bail after being taken into custody by Bob Turner, Sheriff of Oklahoma County, pursuant to extradition proceedings initiated by the State of Kansas, seeks his release from custody of that official.

The complaint filed against petitioner in the State of Kansas alleges that the petitioner, while confined in the Wichita City Prison Farm, a place of confinement for a term less than for life, did while making a trip to the hospital, escape therefrom and from the custody of the officers thereof, breaking said prison and escaping contrary to the laws of the State of Kansas.

It should be noted that petitioner was originally sentenced to the Wichita City Prison Farm after being convicted of certain violations of a city ordinance. Subsequently petitioner escaped from the City Prison Farm, was apprehended and upon a plea of guilty was given an additional sentence of six months, whereupon he again escaped to Oklahoma and is presently charged as indicated above.

The sole question to be decided by this Court is whether or not the petitioner is being denied any right as provided by our Uniform Criminal Extradition Act, Title 22, § 1141.1 et seq. It is conceded by both the state and the petitioner that he must be substantially charged with a violation of the Statutes of the State of Kansas before he can be legally extradited from the State of Oklahoma. It is likewise conceded by both parties that petitioner is charged

under Title 21, § 732 of the Kansas Statutes which provides:

"If any person confined in a place of confinement for any term less than for life, or in lawful custody going to the place of confinement, shall break such prison or custody and escape therefrom, he shall upon conviction be punished by confinement and hard labor for a term not exceeding five years, to commence at the expiration of the original term of imprisonment."

This statute was originally adopted by the State of Kansas in the year 1855 and has not been changed since that time. The only case decided under this statute is the case of State v. Chapman, 33 Kan. 134, 5 P. 768. Both the petitioner and respondent rely upon this case. The petitioner contends that 21 Kan.Stat. 732, supra, does not apply to city prisons because of the holding in the Chapman case. The state contends that the Chapman case does not apply to the case at bar because it is distinguishable. We agree with the latter contention.

In the Chapman case, the defendant was fined in police court and committed to the city prison farm for failure to pay the fine and to remain therein until such fine and costs were paid. He escaped and was charged with a felony by information which set forth these facts. The trial court quashed the information and the state appealed. On appeal the court held that the information did not allege a violation of Title 21, § 732, because the defendant was not committed for any specified term and stated that the legislature would not have provided for the escape sentence to commence upon the expiration of the original term of imprisonment had it been intended

to apply to commitments for nonpayment of fine.

It therefore becomes apparent that the distinguishing factor in the instant case is that the petitioner was sentenced for a regular or specified term whereas the defendant in the Chapman case was not sentenced to the city prison for any regular or specified term.

We do not intend to apply nor construe the law of our sister state Kansas but only look to the factual situation as it presently exists in an effort to determine whether the petitioner is substantially charged with a crime against the laws of the demanding state, and that he is a fugitive from justice. As was said by this Court in the case of In re Langley, Okl.Cr.; 325 P.2d 1094, 1096, "The only prerequisites to interstate extradition are that the person sought to be extradited be substantially charged with crime against demanding State's laws, and a fugitive from justice. 18 U.S.C.A. § 662; U.S.C.A.Const. art. 4, § 2, cl. 2. Whether person sought to be extradited is fugitive from justice is fact question to be resolved by chief executive of asylum state, and his judgment on such question is not subject to judicial impeachment by habeas corpus unless it conclusively appears that such person cannot be a fugitive from justice under federal law, or the Uniform Criminal Extradition Act, 22 O.S.A. § 1141.1 et seq., or particular laws of the demanding state."

Therefore we are of the opinion that the evidence and requisition papers support the act of the Governor of Oklahoma in granting extradition of petitioner to Kansas, and the writ sought is hereby denied.

NIX, P. J., and BRETT, J., concur.