**Robert E. BURKE**

v.

**STATE of Maine and Charles Sharpe, Sheriff.**

Supreme Judicial Court of Maine.

May 6, 1970.

Irving Friedman, Lewiston, for plaintiff.

Robert T. Coffin, County Atty., and Alexander MacNichol, Asst. County Atty., Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, JJ.

MARDEN, Justice.

On appeal from the denial of a petition for a writ of habeas corpus, seeking release from arrest under a rendition warrant issued by the Governor of the State of Maine in response to requisition for extradition by the State of Indiana.

The basic considerations of the extradition process (15 M.R.S.A. §§ 201–229, inclusive, Uniform Criminal Extradition Act) (Act) and scope of review by Maine as the asylum State were delineated in Poulin v. Bonenfant, Me., 251 A.2d 436 and are incorporated here by reference.

The fact from petitioner's testimony and giving rise to the controversy are as follows:

From the latter part of June or the early part of July, 1967, the appellant was working in the States of Indiana and Ohio as a salesman for a Home Improvement Company (Company), the headquarters of

which were in Fort Wayne, Indiana. In connection with his work, which involved house to house canvassing, there was installed on August 1, 1967 in his car a radio telephone belonging to General Telephone Company of Indiana (Telephone) for which Company receipted, but as to which appellant signed what may be termed a lease agreement, among the terms of which was the following:

"(3) Lessee agrees not to remove said mobile telephone from the above described vehicle or to transport said instrument from the State of Indiana with the intent to deprive the lessor of its rights arising out of ownership of said mobile telephone."

The lease records the fact that appellant's car bore Ohio registration and that appellant carried a New York operator's license.

In the latter part of August, 1967, appellant came to Maine for a vacation, of which he says Company was aware, and with, he says, an intention to return to Indiana after vacation. By reason of family considerations and illness, he has never returned to Indiana.

Upon affidavit, in due form, dated March 25, 1969 filed with the City Court of Fort Wayne, Indiana, that Court issued a warrant in the terms of the affidavit for the arrest of appellant charging him with:

"(H)aving on or about the 1st day of August A.D., 1967, at Allen County and State of Indiana said Defendant did then and there obtain control over property of General Telephone Company of Indiana, to wit: a Motorola IMTS Model Mobile Telephone Serial Number CR089C of the value of One Thousand Five Hundred and Twenty-Five Dollars and Seventy Five Cents ($1525.75); thereafter the said defendant unlawfully and feloniously exerted unauthorized control over said property by failing to comply with the term of a rental agreement, a copy of which is attached hereto and

made a part hereof. The said Robert E. Burke intending to permanently deprive said General Telephone Company of Indiana of said property, being contrary to the form of the statute in such case made and provided."

Upon this warrant, application was made to the Governor of Indiana (Indiana) requesting that a requisition be made upon the Governor of the State of Maine for the apprehension and delivery of appellant to named persons for return to the State of Indiana to face a charge "of *Theft* committed in *Allen* County, in this State but who has, since the commission of said offense, fled from the justice of the State of Indiana, and into the said State of *Maine* * * *."

Indiana issued its requisition to Maine dated April 17, 1969 supported by copies of the affidavit and warrant in compliance with Act § 203, alleging by necessary authentication that

"*ROBERT E. BURKE* stands charged by an *AFFIDAVIT* pending in the County of *ALLEN,* with the crime of *THEFT,* committed WHILE PERSONALLY PRESENT therein, and it having been shown to the Governor that the defendant above named has fled from the justice of this State, and has taken refuge in the State of *MAINE.*"

Among the documents submitted to Maine was an affidavit dated September 12, 1968 charging the same offense as having occurred on or about June 3, 1968 upon which a warrant conforming to the affidavit was issued on the same day.

Inasmuch as the request for requisition and the rendition warrant was not based upon this September affidavit and warrant, these documents are of no significance for Maine purposes. See State ex rel. Krueger v. Michalski [1 Wis.2d 644], 85 N.W.2d 339, [4] 342 (Wis. 1957).

Maine issued its rendition warrant on April 22, 1969, upon which appellant was

arrested and seasonably brought his petition for a writ of habeas corpus to test the legality of his arrest.

Upon hearing by a single Justice, petitioner's release was denied, from which he filed 15 points of appeal which fairly may be condensed into 2 issues: a) whether petitioner is substantially charged with a crime, and b) whether petitioner is a fugitive within the extradition law.

■ The conventional issues are summarized in Poulin, *supra*, [1, 2] 251 A.2d at page 437. Whether appellant is substantially charged with a crime against the laws of the demanding State is a question of law which "upon the face of the paper" is open to judicial inquiry. Roberts v. Reilly, 116 U.S. 80, 95, 6 S.Ct. 291, 29 L. Ed. 544 (1885). The rendition warrant has prima facie validity, however, and the burden is on the accused to demonstrate the contrary. *Poulin, supra*, [3–5] 251 A. 2d at page 438; Ex parte King, 139 Me. 203, 206, 209, 28 A.2d 562. See also People v. Babb, 415 Ill. 349, 114 N.E.2d 358, [11–15] 363 (1953) ;[1] Pierce v. Creecy, 210 U.S. 387, 402, 28 S.Ct. 714, 52 L.Ed. 1113 (1907); Strassheim v. Daily, 221 U.S. 280, 286, 31 S.Ct. 558, 55 L.Ed. 735 (1911) ;[2] and Richards v. Matthews, 93 U.S.App.D. C. 70, 207 F.2d 227, [1] 230 (1950).

■ As to the affidavit and warrant charging substantially a crime within the *Pierce* criterion, which was adopted in *Poulin, supra*, [8, 9] 251 A.2d at page 439, the test is met. The rendition warrant is regular upon its face and is prima facie evidence that the accused is properly charged, 31 Am.Jur.2d, Extradition § 62, Black v. Miller, 59 F.2d 687, [3] 690 (9 CCA 1932); In re Harris, 309 Mass. 180, 34 N.E.2d 504, [8, 9] 506; Harding v. People, 161 Colo. 571, 423 P.2d 847, [3, 4]

849 (1967, reh. denied); Ralph v. Turner, 366 P.2d 777 (Okl.Cr.App.1961); Applications of Oppenheimer, 95 Ariz. 292, 389 P. 2d 696, [16, 17] 701 (1964) cert. den. 377 U.S. 948, 84 S.Ct. 1359, 12 L.Ed.2d 311; State v. Phillips, 62 N.J.Super. 70, 162 A. 2d 113, [5] 116 (1960), aff'd 34 N.J. 63, 167 A.2d 175; and People v. Hoy, 225 N. Y.S.2d 412, [6, 7] 415 (Sup.Ct.1962). Its sufficiency is to be tested by Indiana law. People ex rel. Kahn v. Meyering, 348 Ill. 486, 181 N.E. 300, [5–13] 303 (1932); Starks v. Turner, 365 P.2d 564, [1] 565 (Okl.Cr.App.1961); and Appleyard v. Massachusetts, 203 U.S. 222, 227, 27 S.Ct. 122, 51 L.Ed. 161 (1906). Petitioner has offered nothing to show that by Indiana standards, the affidavit and warrant are deficient.

■ Whether appellant is a fugitive from the justice of the demanding State is a question of fact, *Roberts, supra,* 116 U.S. at page 95, 6 S.Ct. at 291, but in this factual area "(w)e will not consider the guilt or innocence of the accused. We will not try any issues in the criminal case. We will not construe any * * * (Indiana) statutes. We will not inquire into the validity of the indictment. We will not attempt any findings of fact, except as they relate to fugitivity." *Richards, supra,* [1] 207 F.2d at page 230. Act § 220, *Harris, supra,* [8, 9] 34 N. E.2d at page 506; *Kahn, supra,* [14, 15] 181 N.E. at page 303; Moncrief v. Anderson, 119 U.S.App.D.C. 323, 342 F.2d 902, [2–6] 904 (1964); *Ralph, supra,* [1, 2] 366 P.2d at page 779; Golla v. State, 2 Storey 433, 159 A.2d 585, [1] 587 (Del.1960); and Williams v. State, 41 Ala.App. 184, 130 So.2d 351, [4, 5] 353 (1961), cert. den. 272 Ala. 713, 130 So.2d at page 354.

The attack on petitioner's alleged fugitivity centers also on the affidavit and warrant which, in consolidation, state that

---

1. Under the Illinois Fugitive from Justice Act antedating the adoption of the Uniform Law in 1955.

2. The Federal cases cited herein which are not reviewing State extradition laws, interpret the Federal Extradition law (now 18 U.S.C.A. § 3182 et seq.) which in pertinent respects was incorporated in the Uniform Act.

he obtained the telephone on about August 1, 1967, and *thereafter* exercised unlawful control over it by removing it from the State of Indiana with wrongful intent. These facts, according to Indiana, constitute an offense in that State. These assertions, it is contended, fail to show the "time when" and the "place where" the alleged offense was committed, and that it necessarily follows that petitioner is not charged with a crime committed while in the State of Indiana, therefore he could not have fled from a crime in Indiana and therefore he is not a fugitive. See Hyatt v. People ex rel. Corkran, 188 U.S. 691, 713, 23 S.Ct. 456, 47 L.Ed. 657 (1903).

We do not know, nor are we chargeable with inquiring, what the proof of this alleged offense may be. The removal from Indiana with the wrongful intent may have occurred the same day that the telephone was installed, or on any date between August 1, 1967 and appellant's ultimate departure for Maine, which latter date he fixes as "around the last week of August" 1967. Specificity of date here is not controlling. King, supra, 139 Me. at page 208, 28 A.2d 562. See also Bruzaud v. Matthews, 93 U.S.App.D.C. 47, 207 F.2d 25, [4] 27, (1953); Munsey v. Clough, 196 U.S. 364, 373, 25 S.Ct. 282, 49 L.Ed. 515 (1905); and United States ex rel. Jackson v. Meyering, 54 F.2d 621, [5] 622 (7 Cir. 1931), cert. den. 286 U.S. 542, 52 S.Ct. 498, 76 L. Ed. 1280. As to "place where", the point which petitioner's logic overlooks, is that the only removal which could be an element of the alleged offense is that from Indiana. Such removal and petitioner's departure could simultaneously constitute the offense and create petitioner's status as a fugitive.

■ Implicit in appellant's position, and peculiar to this case, is the contention that his removal of the telephone from Indiana and his departure from Indiana occurred not in Indiana but out of Indiana, after he crossed the State boundary outbound. However "it (is) plain that the criminal need not do within the (demanding) state every act necessary to complete the crime. If he does there an overt act which is and is intended to be a material step toward accomplishing the crime, and then absents himself from the state and does the rest elsewhere, he becomes a fugitive from justice when the crime is complete, if not before." *Strassheim, supra,* 221 U.S. at page 285, 31 S.Ct. at p. 560.

■ Absent showing that accused was not present in demanding State "when any of the essential acts of setting the crime in motion transpired. * * * the demanding authority's warrant is presumptive evidence of presence." *Phillips, supra,* [4] 162 A.2d at page 115. See also United States ex rel. Miller v. Walsh, 90 F.Supp. 332, [4] 340 (Ill.1949).

The initiation of the conduct which resulted in the removal of the radio telephone from Indiana had to occur within Indiana. Appellant admits presence in Indiana and that he departed Indiana with the telephone in his car. See *Kahn, supra,* [14, 15] 181 N.E. at page 304.

■ Petitioner testifies that he departed Indiana in good faith and with no awareness of wrong doing. Conscious flight from justice is not a pre-requisite to fugitivity. *Appleyard, supra,* 203 U.S. at page 227, 27 S.Ct. at p. 123.

Appeal denied.

POMEROY, J., did not sit.