[No. 19190.   Department One.   August 6, 1925.]

JOHN NEWMAN, *Appellant,* v. ROTHSCHILD & COMPANY, INCORPORATED, *Respondent.*[1]

MASTER AND SERVANT (95, 99)—LIABILITY FOR INJURIES—DANGEROUS METHODS OF WORK—ASSUMPTION OF RISKS—OBVIOUS DANGER.  A servant, injured while elevating heavy pieces of timber by means of peavies, which was ordinarily done with grab hooks which the master failed to furnish, assumes the increased risks of such employment through lack of grab hooks, where he made no complaint and no promise was made to him that hooks would be furnished later.

SAME (90)—ASSUMPTION OF RISKS—SAFE PLACE.  A servant who arranges his place for work assumes the risk if it is not safe.

Appeal from a judgment of the superior court for King county, Smith, J., entered July 16, 1924, dismissing an action, in an action for personal injuries sustained by a stevedore, loading timber on a ship, upon sustaining a demurrer to the complaint.  Affirmed.

*J. A. Guie* and *Guie & Halverstadt,* for appellant.
*Poe, Falknor, Falknor & Emory,* for respondent.

[1]Reported in 238 Pac. 2.

BRIDGES, J.—The plaintiff, having stood on his complaint after a demurrer thereto had been sustained, a judgment was entered dismissing the action.

The complaint alleged that the plaintiff was a stevedore, working for the defendant; that the ship was being loaded with heavy timbers which were on a scow or barge anchored alongside the vessel; that, ordinarily, in loading heavy timbers, grab-hooks are attached to the end of the ship's tackle; that thereby the timber is hoisted sufficiently to put the sling under it; that such hooks were provided at some of the holds of the vessel in question but not for that one into which the appellant was loading the timber; that as to that hold it was necessary to roll or lift them by means of peavies on to cross-pieces which would elevate them sufficiently to put the sling under. It is alleged that the appellant and his companion were engaged in this kind of work, and that they had already placed one heavy timber on cross sticks when the foreman in charge of the work directed them to leave that particular timber and place another on cross sticks so that it could be first taken into the vessel, and that

". . . in carrying out the command of the foreman, plaintiff was obliged to stand on said other timber placed on said small pieces of timber as aforesaid and was obliged to and was engaged in rolling said heavier timber [the second piece] which was to be first loaded, by means of the peavies upon some pieces of timber in order to elevate the same from the floor of said scow so that the 'Y' sling could be passed underneath and around said timber so that the same could be hoisted aboard the said steamship; that, while the plaintiff and a co-employee, on said 9th day of January, 1924, at about 2 o'clock in the afternoon, were engaged in rolling said heavy timber [the second piece] upon said small pieces of timber or cross sticks, the timber upon which the plaintiff was carelessly and negligently required by said foreman to stand, tipped and rolled

back and threw plaintiff between the timber upon which he had been standing and a heavy timber which was back of and to the rear of said timber upon which the plaintiff was standing,''

thus injuring him. It was further alleged that the appellant was an inexperienced longshoreman and had been engaged in that work for only three days before his injury.

The negligence charged against the respondent was the failure to furnish grab-hooks, thus requiring appellant to do his work by means of a peavy, and failure to furnish a reasonably safe place to work.

We think the complaint fails to state a cause of action. The grab-hook which is generally used for the kind of work the appellant was doing is but an improved method of handling heavy timbers. It would not have made his work less hazardous nor was the absence of the hooks either directly or indirectly connected with his injury. In addition to this, he knew that the hooks were not furnished and that the work was to be done by peavies. He made no complaint and no promise was made him that the hooks would be later furnished. Under these circumstances, it cannot be said the master was liable for failure to furnish grab hooks.

The charge of negligence that the appellant was required to stand upon the timber which had been put on cross sticks has no merit. He had arranged it. If it was dangerous, he knew it better than anyone else could. He had made his own place of work. If it was not a safe place, nobody was to blame but himself.

The judgment is affirmed.

Tolman, C. J., Parker, Askren, and Main, JJ., concur.