## STATE EX REL. HAROLD ROSS v. SAM M. OWENS.[1]

October 28, 1932.

No. 29,267.

*Nelson & Cedergren,* for relator.

*Henry N. Benson,* Attorney General of Minnesota, *James E. Markham,* Deputy Attorney General of Minnesota, *Harry E. Boyle,* County Attorney of St. Louis county, Minnesota, *A. J. Connors,* District Attorney of Barron County, Wisconsin, and *Samuel Bryan* and *J. E. Messerschmidt,* Assistant Attorneys General of Wisconsin, for respondent.

PER CURIAM.

This case comes here on an appeal from an order of the district court of St. Louis county dissolving a writ of habeas corpus.

[1] Reported in 244 N. W. 820.

The relator was charged with robbing the Bank of Cameron at Cameron, Wisconsin, on July 15, 1932, at 11:40 a. m. Without discussing the evidence in detail, the relator offered very strong proof that he was not in the state of Wisconsin at that time but that he was at the home of his parents in Duluth. The sole question presented by this record is whether or not he was within the state of Wisconsin at the time the crime was committed.

The robbery there was perpetrated by three men. One of them waited in an automobile for the other two at some little distance from the bank. The robbery was abortive because discovered by people outside the bank before it was accomplished. The two robbers sought safety in flight. One witness for the respondent intercepted their flight and, at close quarters with both of them, shot one of the robbers to death. It is the other flying robber who is alleged to have been this relator. He is so identified by the man who shot his mate. The assistant cashier of the bank also identifies the relator as one of the two men who was in the bank at the time of the robbery.

Presumptively, the governor's warrant proves that the accused is a fugitive from justice; and, unless the evidence makes it clearly and satisfactorily to appear that he was not in the demanding state at the time the crime was committed, the writ must be discharged and the rendition warrant executed. In re Sanders, 154 Minn. 41, 191 N. W. 391; People ex rel. McNichols v. Pease, 207 U. S. 100, 28 S. Ct. 58, 52 L. ed. 121; State ex rel. Liimatainen v. Boekenoogen, 140 Minn. 120, 167 N. W. 301. Guided by these decisions we must hold that the identification by the two witnesses from Wisconsin is not so overborne by the strong alibi indicating the relator's presence in Duluth as to require a holding that he is not a fugitive from justice.

The order discharging the writ is affirmed, and the relator is remanded to the custody of the sheriff of St. Louis county for disposition under the rendition warrant of the governor.