**Charles R. DICKERSON, Petitioner Below, Appellant,**

v.

**The STATE of Delaware, Respondent Below, Appellee.**

Supreme Court of Delaware.

July 6, 1970.

Stephen B. Potter, of Sullivan, Potter & Roeberg, Wilmington, for petitioner below, appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for respondent below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal from denial of a writ of habeas corpus.

The petitioner is being held in custody under a Governor's Warrant for extradition to the State of New Jersey* for prosecution there on a charge of armed robbery. After a hearing on the petition for a writ of habeas corpus contesting the legality of the arrest, the Superior Court denied the writ on the ground that it was satisfied that the petitioner was the person named in the

---

* See generally 11 Del.C., ch. 25, § 2510 of which provides:

"§ 2510. *Rights of accused; habeas corpus*

"No person arrested upon such warrant shall be delivered over to the agent whom the Executive Authority demanding him has appointed to receive him unless he is first taken forthwith before a judge of a court of record or a justice of the peace in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel. If the prisoner or his counsel states that he or they desire to test the legality of his arrest, the judge or justice of the peace shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice

thereof, and of the time and place of hearing thereon, shall be given to the Deputy Attorney General of the county in which the arrest is made and in which the accused is in custody, or to the Attorney General or the Chief Deputy Attorney General, and to the agent of the demanding state."

Also pertinent is § 2520 which provides:

"§ 2520. *Inquiry into guilt of accused*

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as provided in this chapter has been presented to the Governor, except as it is involved in identifying the person held as the person charged with the crime."

Warrant. The petitioner presented the issue of whether he was in the State of New Jersey on the date of the offense. Although the Superior Court admitted the testimony of several witnesses to the effect that the petitioner was in Delaware on the date of the offense, the Court stated that issue was not properly before it; that the only factual issue for its determination was whether the petitioner was the person named in the Warrant. In this the Trial Court erred.

We hold that upon tender of the issue by the petitioner, the Trial Court was obliged to determine whether the petitioner, by clear and convincing proof, had overcome the prima facie case presented by the Governor's Warrant on the issue of his presence in the demanding State at the time of the offense charged. Upon the tender of such issue, before being delivered, the petitioner was entiled to a ruling by the Trial Court not only that he is the person named in the Warrant, but also that he is a fugitive from the justice of the demanding State. Grano v. State, Del.Super., 257 A.2d 768 (1969); 31 Am.Jur.2d "Extradition" §§ 65, 66; Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121 (1907); Ex parte Shoemaker, 25 Cal. App. 551, 144 P. 985 (1914).

We approve the procedure followed in *Grano* wherein the Superior Court tried and determined the issue of whether the petitioner for habeas corpus was in the demanding State at the time of the offense charged. See *257 A.2d 771–772.* In the trial of that issue, the Governor's Warrant raises the presumption of the presence in the demanding State at the time of the crime of the person named in the papers; and thereupon it devolves upon the accused to overcome that presumption and to carry the burden of showing, by clear and convincing proof, that he was in fact not there. See In re DeGina, 94 N.J.Super. 267, 228 A. 2d 74 (1967).

For the reasons stated, the judgment below must be reversed and the cause remanded for determination, under the guide-lines herein prescribed, of the question of whether the petitioner was in New Jersey on the date of the offense. Since the petitioner is being held without bail, the Clerk of this Court will transmit the mandate forthwith, the time requirements of Rule 14, Del.C. Ann. being lifted, so that the matter may proceed in the Superior Court without delay.