Leon WALKER

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Feb. 21, 1974.

Grossman, Faber & Miller, P.A. by Edward B. Miller, Rockland, Pine Tree Legal Assistance, Inc., by Alexander P. Humphrey, Bangor, for plaintiff.

Galen P. LaGassey, County Atty., Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This is an appeal from the denial of a petition for a writ of habeas corpus. We deny the appeal.

Appellant had been indicted for a criminal offense in Ohio and the Governor of that State formally requested the Governor of Maine to grant extradition, which request was duly honored. Procedurally, all formalities mandated by 15 M.R.S.A. §§ 201–229 (Uniform Criminal Extradition Act) was complied with, both in Ohio and Maine.

■ Only two issues are raised on appeal.[1]

1. Whether the Court below incorrectly found that the accused was present in Ohio at the time of the alleged offense.

2. Whether the Court improperly failed to grant a writ of habeas corpus because of Ohio's violation of good faith and governmental fair play.

### ISSUE I

Because appellant's verified petition for the writ of habeas corpus denied his presence in Ohio at the time the alleged crime was committed, he argues that the contrary finding of the Justice below was error, not being based on any valid evidence adduced at trial.

Initially, we observe that the prosecuting attorney in Ohio, in his request to the Governor of Ohio, certified that appellant "was in said County and State at the time of the commission of said offense," and the Ohio Governor, in turn, certified this fact to the Governor of Maine when requesting extradition. Appellant was a witness at the habeas hearing but did not, in his *testimony,* deny his presence in Ohio, nor was he cross-examined on the point. The Justice below, in his findings, expressly stated: "The Petitioner was present in the demanding state of Ohio at the time of the crime."

■ The issue emerges in this form: Was the Justice correct in basing his finding of presence in Ohio on the recitals in the formal extradition request in face of the denial in the appellant's petition for a writ of habeas corpus?

■ The burden to prove non-presence is on the petitioner, and he must do so by "clear and convincing evidence that he was in fact absent." State v. Phillips, 62 N.J.Super. 70, 162 A.2d 113, 115 (1960). The rendition warrant carries with it a mandatory rebuttable presumption[2] that the accused was present in the demanding state and compels such a finding unless the petitioner proves otherwise. Burke v. State, 265 A.2d 489 (Me.1970); State v. Phillips, *supra.* See 31 Am.Jur.2d, Extradition, § 66. We said in Poulin v. Bonenfant, 251 A.2d 436, 438 (Me.1969):

"In the absence of contrary proof it is presumed that the Governor lawfully performed his duty as to determination of the jurisdictional facts and the jurisdictional facts recited in the warrant are established by the presumption unless overcome by the petitioner."

■ We need no citation to support the proposition that pleadings are not evidence. Merely pleading a denial of presence in Ohio, as appellant did, cannot be a substitute for proof. Absent such proof the Justice below was compelled by the

---

1. Appellant's brief so states the "issues presented for review." All other issues raised before the Superior Court, not being pressed on appeal, are considered waived. State v. Harriman, 259 A.2d 752 (Me.1969); State v.

Campbell, 314 A.2d 398 (Me. Opinion Jan. 28, 1974).

2. Hann v. Merrill, 305 A.2d 545 (Me.1973).

force of the mandatory presumption to reach the conclusion that he did.[3]

## ISSUE II

■ Appellant argues that "Ohio permitted an unconscionable delay to occur between the time its law enforcement agencies were notified of Walker's incarceration . . . in 1968 and the initiation of the instant extradition proceedings." However, appellant was not indicted until July 26, 1971, and he concedes in the brief that "extradition was sought within a reasonable time" thereafter. The very premise underlying the extradition process is that a person be "charged with crime in another state." 15 M.R.S.A. § 203. We fail to understand the connection between the 1968 knowledge of the Ohio police that appellant was in the Maine State Prison and the failure to institute extradition process until 1971. There was nothing for which he could be extradited until the indictment was returned.

If Ohio has a statute of limitations or some rule of law preventing prosecutions on proof of "unconscionable delay," either of which would be of avail to the defense on the merits, the proper forum in which to raise such issues is in the Ohio courts and not before the Maine Court in this proceeding. We specified in *Poulin, supra,* the proper limits of inquiry in such proceedings, as follows:

"The issue of guilt or innocence of the accused is not before the Court on habeas corpus. [Citation omitted.] The Court, in this petition for a writ of habeas corpus, is limited to inquiry as to whether the petitioner stands charged with crime in the demanding state, whether the petitioner is in fact the person charged with this crime, whether he was present in the demanding State at the time of the crime, left and was found in the asylum state and whether the warrants of arrest and of requisition with required supporting documents comply with the statutes and justify the rendition warrant." *Id.* at 438.

There is no merit in this point.

The entry is

Appeal denied.

All Justices concurring.

---

3. Appellant has argued that the Justice below improperly based his finding of presence in Ohio on a coerced confession taken by two Ohio police officers, thus violating the *Miranda* exclusionary rule. Since we have held herein that the finding was legally mandated, and since the record does not disclose a contrary basis for the finding, we must assume that it resulted from a proper application of legal principles by the single Justice.

We note the holdings in North v. Koch, 169 Colo. 508, 457 P.2d 915 (1969) and United States v. Flood, 374 F.2d 554 (2d Cir. 1967) but in view of the record before us, we see no occasion to engage in a theoretical discussion of their application to assumed facts. Even if we adopted a rationale contra to *North* and *Flood*, the Justice below was compelled by force of the presumption to reach the same result.