DONALD LEE LOTT

*v.*

LEE BECTHOLD, *Sheriff Of Wood County*

(No. 15016)

Decided March 19, 1982.

*Robert W. Friend* for appellant.

*Robert A. Waters*, Assistant Prosecuting Attorney, for appellee.

PER CURIAM:

This is an appeal from the denial of a petition for a writ of habeas corpus in an extradition proceeding. For the reasons that follow, we affirm.

On March 24, 1980, the appellant was arrested pursuant to a rendition warrant issued on February 28, 1980, by the Governor of the State of West Virginia pursuant to a formal request for extradition by the Governor of the State of Ohio. All the requirements of the Uniform Criminal Extradition Act, *W.Va. Code*, 5-1-7 thru 13 were complied with in West Virginia and in Ohio.

The appellant was charged in Ohio with the March 12, 1979 armed or aggravated robbery of the Marietta One-Hour Dry Cleaners located in Marietta, Ohio. This is a felony offense under Ohio Law. *Ohio Revised Code Ann.* § 2911.01. On March 26, 1980, the appellant filed a petition for a writ of habeas corpus under *W.Va. Code*, 5-1-9 (a), contesting his extradition under the rendition warrant and a hearing was held in April, 1980.

At the hearing, the State introduced the rendition warrant and all the accompanying supportive documents. Included in those documents is the complaint and affidavit from an officer of the Marietta Police Department recounting the results of the criminal investigation which

led to the issuance of a warrant by a Marietta Municipal Court Judge charging the appellant with aggravated robbery. The affidavit indicates that at approximately 5:45 p.m. a white male entered the dry cleaners, pulled a small caliber handgun with a six-inch barrel, and demanded money. An employee complied and the perpetrator absconded with the money through the front door.

The affidavit also reveals that at approximately 5:15 p.m. on the same day, another Marietta Police officer on foot patrol noticed two individuals sitting in a parked vehicle near the dry cleaners. He wrote down the West Virginia registration number but then was called away from the area. About 10 minutes later, he was radioed the information that the dry cleaners had been robbed by a man with a handgun. The officer then ran the registration number on the vehicle he had observed in the area of the dry cleaners. The registration number was issued to Ronald W. Lott, the appellant's brother. This registration information was given to the Parkersburg Police Department which was investigating a similar crime in Parkersburg that had occurred earlier the same afternoon.

A member of the Parkersburg Police Department interviewed appellant's sister-in-law, who indicated that the appellant and one Steven Perry borrowed her husband Ronald's vehicle on March 12, 1979. After the car was returned she found two checks made out to the Marietta One-Hour Dry Cleaners in the ashtray of the vehicle, both checks bearing the date March 12, 1979. On October 31, 1979, the Marietta Police officer who obtained the arrest warrant received information from a member of the Parkersburg Police Department indicating that Steven Perry had been interviewed and had admitted that he was one of two individuals who had robbed the Marietta Dry Cleaners. Perry named the appellant as his partner in the robbery. In November, 1979 one of the employees of the dry cleaners was shown an array of photographs by a member of the Parkersburg Police Department and selected a photograph of the appellant as being the person who committed the robbery.

Steve Perry testified in the habeas corpus hearing that he robbed the Marietta dry cleaners and that the appellant was not there at the time. He explained that just before he committed the robbery, he left the house of Connie Rake located in Parkersburg, West Virginia, and that both the appellant and Connie Rake, his sister, were still there.

The appellant testified that he was not in Marietta, Ohio, when the crime was committed and had nothing to do with the crime. He saw Perry leave Connie Rake's house at about 4:00 p.m. the day the crime was committed, and return later on. Connie Rake, Perry's sister, testified she saw the appellant and Perry in her home the day the crime was committed, that they both left the house after 4:00 p.m., and that Perry alone took the car. The appellant returned at about 5:00 p.m. and stayed until 7:20 p.m.

The officer who obtained the arrest warrant testified that an eyewitness had identified a photograph of the appellant that had been supplied by the Parkersburg Police Department. The State also called a Parkersburg Police officer who identified the appellant as the person named in the police records that were supplied to the Marietta Police Department from which the identification was made.

The only argument pressed here is that the State's evidence did not establish that the appellant was a fugitive from justice from the State of Ohio, i.e., the State failed to prove that he was in the demanding state at the time the criminal offense was committed. The appellant argues that the State failed to produce any evidence placing him in the demanding State at the time the crime was committed. This contention is without merit. The State did introduce evidence as previously discussed tending to establish not only that he was present in Ohio but that he actually committed the crime. At best the appellant created a mere conflict in the evidence as to his fugitive status; this is not enough.

In the present case, it is clear that the extradition papers are in proper form, that there is a criminal charge pending against the appellant in the demanding state, and that he is the person named in the extradition papers. Since the Governor of this State has issued a rendition warrant that is in all respects in proper form, the State established a prima facie case that all constitutional and statutory requirements for extradition had been satisfied. *State ex rel. Gonzales v. Wilt*, 163 W.Va. 270, 256 S.E.2d 15 (1979).

The only issue here is whether the appellant was present in the demanding state at the time the criminal offense was committed. In our leading case on the fugitive from justice issue, *State ex rel. Blake v. Doeppe*, 97 W.Va. 203, 124 S.E. 667 (1924), the Court recognized that the question of whether an accused is a fugitive from justice is a matter of federal constitutional law, and adopted the rule placing on the accused the burden of conclusively establishing his absence from the demanding state by clear and convincing proof. Finding from the uncontradicted evidence that the accused had not committed an overt act in furtherance of the crime charged in the demanding state, the Court discharged the accused from custody. Syllabus points 1 and 2 state, respectively:

> "The courts of this state, on writ of habeas corpus, may ascertain, by proper evidence, if a person who has been arrested for extradition is a fugitive from the justice of the demanding state. If he be not a 'fugitive from justice,' within the meaning of section 2 of article 4 of the Constitution of the United States, he will be discharged from custody."

> "To be a 'fugitive from justice,' it is necessary that the person charged as such must have been actually present in the demanding state at the time of the commission of the crime, or, having been there, has then committed some overt act in furtherance of the crime subsequently consummated, and has departed to another jurisdiction. And, if the evidence be clear and convincing that the accused was not personally in the demanding

state at the time of the commission of the offense charged, and has committed no prior overt act therein indicative of an intent to commit the crime, or which can be construed as a step in the furtherance of the crime afterwards consummated, he should be discharged.

*See, South Carolina v. Bailey,* 289 U.S. 412, 421-22, 53 S.Ct. 667, 671, 77 L.Ed. 1292, 1297 (1933); *Watson v. Montgomery,* 431 F.2d 1083 (5th Cir. 1970); *Walton v. State,* 98 Idaho 442, 566 P.2d 765 (1977) *Sawyer v. State,* 382 A.2d 1039 (Me. 1978); *Application of DeGina,* 94 N.J.Super. 267, 228 A.2d 74 (1967); 31 Am.Jur.2d *Extradition* §66 (1967).

Under the rule that the accused must carry the burden of proving his absence from the demanding state at the time the alleged offense was committed by clear and convincing evidence, it is uniformly held that where the evidence is merely conflicting as to the defendant's fugitive status, he is not entitled to discharge in habeas corpus after being apprehended pursuant to an extradition proceeding E.g., *South Carolina v. Bailey, supra; Application of DeGina, supra.*

In the present case, the appellant did not establish by clear and convincing evidence that he was not present in Marietta, Ohio at the time of the commission of the offense. Whether appellant is guilty or innon+ of the robbery charge is not a matter open to inquiry in a habeas corpus challenge to extradition. E.g., *Cassis v. Fair,* 126 W.Va. 557, 29 S.E.2d 245 (1944). Whether he has a valid alibi defense is also a matter that we cannot consider, where there are material conflicts in the evidence bearing on his presence in the demanding state. As the Supreme Court stated in *Munsey v. Clough,* 196 U.S. 364, 374, 25 S.Ct. 282, 285, 49 L.Ed. 515, 518 (1905):

"[T]he court will not discharge a defendant arrested under the governor's warrant where there is merely contradictory evidence on the subject of presence in or absence from the state, as habeas corpus is not the proper proceeding to

try the question as to the guilt or innocence of the accused."

For the foregoing reasons, the judgment of the Circuit Court of Wood County denying the petition for writ of habeas corpus is affirmed.

*Affirmed.*