410 S.E.2d 717

**STATE of West Virginia ex rel. Roselee MIKULIK, Plaintiff Below, Appellant,**

v.

**Jim FIELDS, Sheriff of Preston County, Defendant Below, Appellee.**

**STATE of West Virginia ex rel. Timothy Allen MIKULIK, Plaintiff Below, Appellant,**

v.

**Jim FIELDS, Sheriff of Preston County, Defendant Below, Appellee.**

**No. 20216.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1991.

Decided Nov. 4, 1991.

Edwin C. Runner, Kingwood, for appellants.

Michael J. Basile, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This matter is before the Court on appeal of an order from the Circuit Court of Pres-

ton County which denied the petitions for a writ of habeas corpus filed by the appellants, Roselee Mikulik and Timothy Allen Mikulik, challenging their extradition to the state of Maryland. The appellants maintain that they were not present in the demanding state at the time the criminal offenses for which extradition is sought were committed because they were both incarcerated in West Virginia. Upon consideration of the record before us, we conclude that the circuit court was correct in denying the writs of habeas corpus.

The appellants were arrested on July 5, 1990, following a high speed car chase and an altercation involving state and local law enforcement officials.[1] The appellants were taken into custody by police officers in Preston County, West Virginia, and were subsequently incarcerated.[2]

Thereafter, in November of 1990, two separate requisitions were formally filed by the governor of the State of Maryland demanding the return of both of the appellants who were charged with the manufacture and possession of marihuana on or about July 7, 1990.[3] Two rendition warrants were issued by the governor of West Virginia on November 27, 1990, pursuant to the requisitions of the governor of Maryland for the return of the appellants.

The appellants then sought a writ of habeas corpus in the Circuit Court of Preston County to halt their extradition to the state of Maryland. At the time of the filing of their petitions for a writ of habeas corpus, the appellants were not incarcerated and had been released on bond.[4] Following a hearing on the petitions for a writ of habeas corpus, the circuit court concluded that: (1) the extradition documents were in proper order and form; (2) the appellants were charged with a crime in the demanding state of Maryland as set forth in the documents; (3) the persons named in the extradition documents were the appellants; and (4) the language in the extradition papers charging that the crimes were committed by the appellants "on or about" July 7, 1990, was sufficient to establish the presence of the appellants in the demanding state at the time of the alleged offense. The appellants now request that this court reverse the order of the circuit court and grant the writs of habeas corpus.

■ We acknowledged our limited role in extradition proceedings in syllabus point 1 of *State ex rel. Gonzales v. Wilt,* 163 W.Va. 270, 256 S.E.2d 15 (1979):

'In habeas corpus proceedings instituted to determine the validity of custody where petitioners are being held in connection with extradition proceedings, the asylum state is limited to considering whether the extradition papers are in proper form; whether there is a criminal charge pending in the demanding state; whether the petitioner was present in the demanding state at the time the criminal offense was committed; and whether the petitioner is the person named in the extradition papers.' Point 2, Syllabus, *State ex rel. Mitchell v. Allen,* 155 W.Va. 530, 185 S.E.2d 355 (1971).

■ In the case now before us, there is no dispute that the extradition papers are in proper form, that there are criminal charges pending against the appellants in the demanding state, and that the appellants are the persons named in the extradi-

---

**1.** Mr. Mikulik was charged with assault in violation of *W.Va.Code,* 61–2–9 [1978], with destruction of property in violation of *W.Va.Code,* 61–3–30 [1975] and with obstructing an officer in violation of *W.Va.Code,* 61–5–17 [1923]. Ms. Mikulik was charged with destruction of property in violation of *W.Va.Code,* 61–3–30 [1975], failing to yield to an authorized motor vehicle in violation of *W.Va.Gode,* 17C–9–5 [1971], failing to secure liability insurance on the motor vehicle in violation of *W.Va.Code,* 17D–2A–4 [1988], and driving an unregistered motor vehicle in violation of *W.Va.Code,* 17A–3–1 [1951].

**2.** Mr. Mikulik was incarcerated in the Preston County jail. Ms. Mikulik was initially incarcerated in the Monongalia County jail and then transferred shortly thereafter to the Marion County jail.

**3.** Law enforcement officials found drug paraphernalia and marihuana plants at the appellant's home in Garrett County, Maryland.

**4.** It was stipulated between the state and counsel on behalf of the appellants that the appellants were incarcerated in West Virginia on July 7, 1990.

tion papers. The sole issue raised by the appellants is whether they were present in the demanding state at the time the criminal offenses were committed.

 The appellants contend that they were not present in Maryland at the time the criminal offenses were committed because they were incarcerated in jail in the state of West Virginia. The appellants therefore carry the burden of proving their absence from the demanding state at the time the alleged offenses were committed by clear and convincing evidence. *Lott v. Bechtold,* 169 W.Va. 578, 583, 289 S.E.2d 210, 213 (1982). We explained in syllabus point 2 of *Lott v. Bechtold:*

> 'To be a "fugitive from justice," it is necessary that the person charged as such must have been actually present in the demanding state at the time of the commission of the crime, or, having been there, has then committed some overt act in furtherance of the crime subsequently consummated, and has departed to another jurisdiction. And, if the evidence be clear and convincing that the accused was not personally in the demanding state at the time of the commission of the offenses charged, and has committed no prior overt act therein indicative of an intent to commit the crime, or which can be construed as a step in furtherance of the crime afterwards consummated, he should be discharged.' Syllabus point 2, *State ex rel. Blake v. Doeppe,* 97 W.Va. 203, 124 S.E. 667 (1924).

The complaint filed against the appellants in the case before us states that "on or about" July 7, 1990, after obtaining a search and seizure warrant to search the property where the appellants resided in Maryland, investigating officers located ten marihuana plants being cultivated along a small stream near a barn. The complaint also indicates that the investigating officers found paraphernalia used for smoking marihuana on the premises. The record further shows that the appellants reside in the demanding state of Maryland, and that the marihuana found by the investigating officers was growing on their property in that state.

The appellants' argument challenging extradition is based only on the premise that they were not actually present in the demanding state on July 7, 1990, as charged.[5] However, the charging documents do not specifically state that the crime was committed on that date but that the crime occurred "on or about" July 7, 1990. Furthermore, the appellants are charged with the offense of manufacturing marihuana, a crime which is ongoing. Therefore, we find that the appellants have not satisfied their burden of proving by clear and convincing evidence that they were not in the demanding state at the time the alleged offense was committed. Accordingly, we affirm the order of the Circuit Court of Preston County.

Affirmed.

---

5. The parties do not address the language in syllabus point 2 of *Lott v. Bechtold, supra,* relating to whether a prior overt act had been committed "indicative of an intent to commit the crime, or which can be construed as a step in furtherance of the crime afterwards consummated[.]"